**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=====================================
TZIRL HALTOVSKY individually and
on behalf of all others similarly situated


                        Plaintiff,


            -against-


MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING, LLC, AND
ENCORE CAPITAL GROUP, INC.


                        Defendants.


=====================================

**CLASS ACTION COMPLAINT**

*Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1.      Plaintiff Tzirl Haltovsky brings this action to secure redress from unlawful collection practices engaged in by Defendants Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

*Parties*

3.      Plaintiff is a citizen of the State of New York who resides within this District.

4.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5.      Defendant Midland Credit Management, Inc. is an affiliate of Defendant Midland Funding, LLC and is also a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

6.      Defendant Midland Credit Management, Inc. is engaged in the business of collecting or attempting to collect debts on behalf of Midland Funding, LLC as one of its principal areas of business.

7.      Defendant Encore Capital Group, Inc. is the parent company of Midland Credit Management, Inc. and Midland Funding, LLC.

8.      Upon information and belief, Defendants' principal place of business is located in San Diego, California.

9.      Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

*Jurisdiction and Venue*

10.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations*

12.     Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

13.     On or about January 20, 2016, Defendants sent a collection letter to Plaintiff Tzirl Haltovsky  (see attached exhibit).

14.     The said January 20, 2016 letter was an effort to collect on a consumer debt.

15.     The letter gave the Plaintiff options to settle her account for less than the balance owed and provided: "Offer Expiration date: 02-19-2016."

16.     Defendants made the said statement as a way to create a sense of urgency by the debtor and make her believe that she was under a true deadline to pay the debt, when in reality, the time-deadline to pay on the settlement offers was illusionary.

17.     Defendants' letter harassed the Plaintiff and was false, deceptive and misleading as these settlement time-deadlines do not exist.

18.     Defendants violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

19.     Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

20.     Defendants violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

21.     Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

22.     Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

23.     In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers. Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.

24.     Debt collection agencies may not be deceitful in the presentation of a

settlement offer.  The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer." [1]

25.    In *Goswami*, the Fifth Circuit was presented with a letter from the Defendant that stated that it could offer the Plaintiff a 30% discount as long as it responded within the next 30 days, even though the Defendant had authority to offer the discount for longer than the 30 days. Id.  In reversing the district court's grant of summary judgment in favor of the Defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies to offer settlement, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a non-deceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as [defendant] was in this case…[The defendant's] deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined that for the following reasons, the defendant's letter was a violation of the FDCPA:

> The statement in the collection letter is untrue and makes it appear that [the original creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the plaintiff] to make a rapid payment to take advantage of the purported limited time offer.

26.    Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available

---

[1] *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) citing *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 496 (5th Cir.2004)).

at any time.[2]

27.    Such false statements are material false, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited time opportunity, when in reality, there is no such time limit.[3]

28.    A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

29.    Upon information and belief, the original creditor did not put any limitations on the time within which Plaintiff could accept an offer.[4]

30.    The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."[5]

31.    Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date,

---

[2] *Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F.Supp.2d 822, 828 (N.D.Cal. 2006) ("Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.")

[3] *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012).("The safe harbor language in *Evory* ("we are not obligated to renew this offer") did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e.")

[4] See *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012). (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)

[5] *Campuzano*, 550 F.3d at 299 (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 496 (5th Cir. 2004).

the letter contains a false statement in violation of the FDCPA.[6]  A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.[7]

32.    Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector.[8]

33.    A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

34.    The real intent of the Defendants' language as stated above is to pressure the Plaintiff to "pay up" before the imagined and false deadline runs out.

35.    On information and belief, it is the Defendants' pattern and practice to mail such collection letters to debtors within the State of New York.

---

[6] *Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also *Goswami*, 377 F.3d at 496.

[7] See *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012) (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured… The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

[8] *Reed v. Pinnacle Credit Services, LLC*, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009) ("The list of § 1692f violations found in the subsections are non-exhaustive.") (Internal citations and quotations omitted)

36.    By reason thereof, Defendants' letters are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

37.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

38.    Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

39.    Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

40.    Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

41.    Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

42.    Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendants' collection efforts.

43.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading

statements trigger liability under section 1692e of the Act.

44.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

45.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

46.    Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

47.    Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

48.    Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

49.    Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

50.    Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendants' collection efforts.

51.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

52.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

53.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### Class Allegations

54.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55.     The identities of all class members are readily ascertainable from the records of Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

56.     Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

57.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

58.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

59.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

60.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collects debts throughout the United States of America.

61.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

62.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual

member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

63.     Further, Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

64.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### FIRST CAUSE OF ACTION

65.     Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.     This cause of action, brought on behalf of the Plaintiff and the members of a class, consists of all persons whom Defendants' records reflect resided in the State of New York:

    a) who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b) the letter was sent to a consumer seeking payment of a personal debt;

    c) the letter was not returned by the postal service as undelivered;

    d) the Plaintiff asserts that the Defendants' letter violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

### *Violations of the Fair Debt Collection Practices Act*

67.    Defendants' actions as set forth in the complaint violated the FDCPA.

68.    Because Defendants violated the FDCPA, Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

69.    As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *Jury Demand*

70.    Plaintiff demands a trial by jury.

### *Prayer for Relief*

71.    Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendants for:

1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2)  Attorney fees, litigation expenses and costs of suit;

3)  An order enjoining and directing Defendants to comply with the FDCPA in its debt collection activities; and

4)  Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
   January 3, 2017

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

**mcm**  Midland Credit
Management, Inc.

2365 Northside Drive, Suite 300, San Diego, CA 92108

| MCM Account Number | |
|---|---|
| Redacted | 35 |
| **Original Creditor** | |
| CAPITAL ONE BANK (USA), N.A. | |
| **Original Account Number** | |
| Redacted | 0035 |
| **CURRENT BALANCE** | |
| | $660.58 |

01-20-2016

001
P1T21   Tzirl Haltovsky
95352 St
Brooklyn, NY  11219

You are **pre-approved** for a 40% discount!
Call now: (800) 282-2644

Choose The Option That Works For You.

RE: Capital One Bank (USA), N.A.

Dear Tzirl,

Congratulations! You have been **pre-approved** for a discount program designed to save you money.  Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

| **Option 1: 40% OFF** | You Pay Only |
|---|---|
| Payment Due Date: 02-19-2016 | **$396.34** |

| **Option 2: 20% OFF** | 6 Monthly Payments of Only |
|---|---|
| First Payment Due Date: 02-19-2016 | **$88.07** |

| **Option 3:  Monthly Payments As Low As:** | **$50 per month†** |
|---|---|
| † Call today to discuss your options and get more details. | |

Sincerely,

*[signature]*

Christi Weber, Division Manager

### Benefits of Paying!

➢ Save up to $264.23

➢ Offer Expiration date: 02-19-2016

➢ After receiving your final payment, we will consider the account paid.*

**CALL US TODAY!**
**(800) 282-2644**

*If you pay your full balance, we will report your account as **Paid in Full.** If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

| Hours of Operation: |  Call: | Click: | Mail: |
|---|---|---|---|
| M – Th: 5:00am – 9:00pm PST<br>Fri:  5:00am – 4:30pm PST<br>Sat:  5:00am – 4:30pm PST<br>Sun:  5:00am – 9:00pm PST | (800) 282-2644 | www.midlandcreditonline.com | Payment coupon below |

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in the envelope provided*

## PAYMENT COUPON

MCM Account No.:   Redacted 35
Original Account No.:   Redacted 0035
Current Balance:   $660.58

**Payment Due Date: 02-19-2016**

Amount Enclosed:  _____

**Payment Options:**
1)  Mail in this coupon with your payment
2)  Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

**mcm**

PO Box 60578
Los Angeles, CA  90060-0578

| Redacted | Redacted | Redacted |
|---|---|---|

B453  DOE7

> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

---

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

---

Calls to and/or from this company may be monitored or recorded.

The offer to resolve this account for the discount(s) offered in this letter remains open until 02-19-2016. For further information, please call one of our Account Managers at (800) 282-2644.

**MAIL PAYMENTS TO:** P.O. Box 6578, Los Angeles, CA 96578
**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** MCM's business address at 2365 Northside Drive, Suite 300, San Diego, CA 92108

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**ADDITIONAL ACCOUNT INFORMATION:**

| | |
|---|---|
| Original Creditor: | CAPITAL ONE BANK (USA), N.A. |
| Original Account Number: | [Redacted]0035 |
| Charge-Off Date: | 07-22-2014 |
| Last Payment Date: | 12-03-2013 |
| Current Owner: | MIDLAND FUNDING LLC |
| Current Servicer: | Midland Credit Management Inc. |
| MCM Account Number: | [Redacted]35 |